

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

212 660 3000
sullivanlaw.com

March 17, 2021

Via ECF

Hon. Laura Taylor Swain,
  United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    <u>Calcano v. Brilliant Shops LLC, No. 20 Civ. 9826 (LTS) (JLC)</u>

Dear Judge Swain:

      As counsel for defendant, I write to address the parties' settlement and to present the parties' joint request for the Court's approval of the attached Consent Decree.

      Plaintiff's class action complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which the parties submit is fair and reasonable and in the public interest.

      The Consent Decree has been fashioned as a reasonable resolution of plaintiff's claims. *See, e.g., Yap v. Sumitomo Corp. of America*, No. 88 Civ. 700 (LBS), 1991 U.S. Dist. LEXIS 2124, at *15-16 (S.D.N.Y. Feb. 22, 1991) (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 U.S. Dist. LEXIS 27492, at *15-*16 (S.D.N.Y. Mar. 28, 1996) (determining that consent decree is fair, reasonable, adequate and supported by public policy). *See generally SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

      Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. Duplicative suits are a recurring around the country.

      Counsel for the parties have resolved several other very similar ADA website cases for other clients in this Court and elsewhere in which the courts approved virtually identical consent decrees. This Court approved a similar consent decree in *Calcano v. SuperMe LLC*, No. 20 Civ. 6440 (S.D.N.Y. Nov. 2, 2020) (ECF Doc. No. 22).

Hon. Laura Taylor Swain,
  United States District Judge
March 17, 2021
Page 2

      To the same effect are *Tucker v. CorePower Yoga*, No. 18-cv-5394 (AJN) (S.D.N.Y. Dec. 3, 2018) (ECF Doc. No. 17); *Burbon v. Maidpro Inc.*, No. 18-cv-6290 (JMF) (S.D.N.Y. Oct. 18, 2018) (ECF Doc. No. 19); *Mendizabal v. American Self Storage 636, LLC*, No. 17-cv-10041 (ALC), (S.D.N.Y. Oct. 15, 2018) (ECF Doc. No. 23); *Sypert v. Gefen*, No. 18-cv-4336 (GBD) (S.D.N.Y. Oct. 18, 2018) (ECF Doc. No. 17); *Sypert v. Pelham Country Club*, No. 18-cv-6496 (GBD) (S.D.N.Y. Oct. 12, 2018) (ECF Doc. No. 12); *Figueroa v. Arhaus, LLC*, No. 18-cv-10491(GWG) (S.D.N.Y. Feb. 20, 2019) (ECF Doc. No. 17); *Delacruz v. Naturopathica Holistic Health Inc.*, No. 18-cv-07548 (KHP) (S.D.N.Y. Mar. 19, 2019) (ECF Doc. No. 23); *Diaz v. Georg Jensen, Inc.*, No. 19-cv-00032 (SDA) (S.D.N.Y. Mar. 20, 2019) (ECF Doc. No. 16); *Murphy v. Cos Bar Retail LLC*, No. 18-cv-06968 (RA) (S.D.N.Y. Feb. 11, 2019) (ECF Doc. No. 22); and *Mendez v. Midway A.L. LLC*, No. 18-cv-04946 (DCF) (S.D.N.Y. May 2, 2019) (ECF Doc. No. 33).

      The parties respectfully request that the Court approve the enclosed Consent Decree for all of the reasons identified above.

      Thank you for your attention to this matter.

      Respectfully submitted,

      /s/ George O. Richardson, III

      George O. Richardson, III

Attachment

cc:   SwainNYSDCorresp@nysd.uscourts.gov
      Counsel of Record (via ECF)