UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EVELINA CALCANO, on behalf of herself    :
and all other persons similarly situated,     :

                                         :

                       Plaintiffs,      :        No.: 1:20-cv-9826 (LTS) (JLC)

                                         :

                     v.              :

                                         :

BRILLIANT SHOPS LLC,              :

                                       :

                 Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSENT DECREE

This Consent Decree is entered into as of March 16, 2021 (the "Effective Date"), by and between Evelina Calcano ("Plaintiff") and Brilliant Shops LLC ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

1.      Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.      On November 11, 2020, Plaintiff filed an action against Defendant in the United States District Court for the Southern District of New York, Case No. 1:20-cv-9826, asserting certain legal claims against Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New

York City Human Rights Law ("NYCHRL"), and for declaratory relief and injunctive relief in connection with Defendant's alleged failure to maintain the website found at www.brillintshops.com, in a legally accessible manner (the "Action").

3.      Defendant disputes the claims and allegations set forth in the Action, and has denied and continues to deny that it has any liability for any such claims asserted in the Complaint as of the Effective Date or otherwise.

4.      Since the commencement of the Action, Defendant has reviewed the websites of other entities which are affiliated with or are under common ownership with Defendant; specifically, cozysociety.com, nevados.com, gbxshoe.com, giorgiobrutini.com, mybutterfly.com, supplylab.net, wtfwethefans.com, khombu.com, woodstockvintagebrand.com, factoryfootwearoutlets.com and sporto.com (the "Websites").

5.      This Consent Decree is entered into by Plaintiff, individually, but is intended by the parties to inure to the benefit of vision impaired individuals who are members of the putative class alleged in the Complaint.

6.      This Consent Decree is entered into by Defendant, individually, but Defendant agrees and undertakes to cause the remediation, as more fully described below, of all of the Websites.

**JURISDICTION**

7.      Plaintiff alleges that Defendant is a private entity that owns and/or operates www.brilliantshops.com which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.     Plaintiff contends that www.brilliantshops.com is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a).     Defendant denies that

www.brilliantshops.com is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or NYCHRL.

8.      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

**AGREED RESOLUTION**

9.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.  In resolution of this Action, the Parties hereby AGREE to the following:

**AGREED REMEDIAL ACTION**

10.      Defendant shall, within twenty-four months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant").  The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance.  The Parties further agree that, notwithstanding anything contained in this provision or in this Consent Decree, the Websites shall be permitted to link to or from websites owned or operated by others containing Third-Party Content (as defined below) that may not be

accessible to individuals with disabilities. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, the U.S. Circuit Court of Appeals for the Second Circuit, or a New York State appellate court renders a decision, pursuant to which the Websites are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Defendant will be relieved of the obligations set forth in this Paragraph 10. If Defendant's ability to meet the deadline for compliance with this Paragraph 10 is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, including circumstances related to the current COVID-19 crisis or similar crises that may arise, the deadline shall be extended for the length of the delay. If meeting the standard for compliance within this Paragraph 10 would constitute an undue burden or would result in a fundamental alteration of the Websites, the Parties or their respective counsel shall meet and confer to discuss a solution. If the Parties cannot reach an agreement regarding a solution after such meet-and-confer efforts, any Party will have the right to seek judicial relief. Notwithstanding the foregoing, nothing herein shall require or be construed to require Defendant to continue operating the Websites, which it may determine in its sole discretion.

## NOTICE AND CURE IN THE EVENT OF DISPUTE

11. In the event Plaintiff believes at any time following the expiration of the Remediation Period that any feature of, or any means of accessing, the Websites constitutes a violation of the accessibility requirements of the ADA or any other Disability Laws because

4

Plaintiff cannot effectively use any feature, function or element of the Website, Plaintiff shall: (i) provide written notice to Defendant detailing the claimed violation(s); (ii) allow Defendant ninety (90) days after such notice is received to cure such alleged violation(s); and (iii) following such ninety (90) day cure period, engage in good faith meet-and-confer discussions with Defendant for a period of at least thirty (30) days in an effort to resolve any remaining dispute regarding the claimed violation(s).  Plaintiff may not institute any legal action or proceeding against Defendant or make any claim or demand based on any accessibility issues concerning the Websites unless she can establish that he cannot effectively use any feature, function or element of the Websites and after (i) the expiration of the Remediation Period and (ii) Plaintiff has complied fully with this Paragraph 11.

12.     If, at the end of the 90-day cure period and the 30-day meet-and-confer period, a dispute remains regarding the accessibility of the Websites, the Parties shall submit the dispute to a neutral, third party arbitrator agreed upon by the Parties.  The Parties agree to be bound by the arbitrator's decision as to the accessibility of the Websites.  Neither Party is entitled to seek or recover attorneys' fees with respect to a dispute regarding any alleged violation of Paragraph 10.

## ENFORCEMENT AND OTHER PROVISIONS

13.     This Agreement shall be governed by, interpreted and construed pursuant to the laws of the State of New York, without giving effect to any conflicts of law principles.

14.     If any one or more of the provisions of this Agreement should be ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Agreement not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held

wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the Parties' intent as manifested herein; and (iv) if the ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislative, judicial, or administrative action, then the provision(s) in question as originally set forth in this Consent Decree shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

## CONSENT DECREE HAS BEEN READ

15.    This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

SO STIPULATED:

GOTTLIEB & ASSOCIATES

By _____
    Jeffrey M. Gottlieb, Esq.

150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Jeffrey@gottlieb.legal

Attorneys for Plaintiff

SULLIVAN & WORCESTER LLP

By _____
    George O. Richardson, III

1633 Broadway, 32nd Floor
New York, New York 10019
(212) 660-3000
grichardson@sullivanlaw.com

Attorneys for Defendant

{S2732708; 3}                                    6

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, FINDS AS FOLLOWS:

1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2.    The Court has personal jurisdiction over the Parties;

3.    The provisions of this Consent Decree shall be binding upon the Parties;

4.    Entry of this Consent Decree is in the public interest;

5.    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

6.    The Plaintiff is acting as a private attorney general in bringing this lawsuit and enforcing the ADA; and

7.    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

{S2732708; 3}                                                  7

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

The case is dismissed without prejudice as to unnamed putative class members and shall be closed by the Clerk.

SO ORDERED:

Dated: New York, New York
March 17, 2021

                                             /s/ Laura Taylor Swain
                                            Laura Taylor Swain
                                            United States District Judge